**NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION**

Original
HE 709 11/80

OU1477547-1
NYSHESC Acct. No.

LOAN(S) GUARANTEED BY NYSHESC
INTERIM PROMISSORY NOTE AND DISCLOSURE-(IN SCHOOL)

9-3040829-9

Oneonta Federal Savings and Loan Association
Lending Institution

February 20, 1982
Effective Date of this Note

One Wall Street, Oneonta, N.Y. 13820
Address

XXXXXXXX 4356

A. Principal Amount of Loan                                      $ 600.00
B. Prepaid FINANCE CHARGE (insurance premium)                    $ 3.80   166#2-006075
C. Amount Financed (principal amount of loan less insurance premium)  $ 30.00
D. ANNUAL PERCENTAGE RATE (a) Prior to beginning of repayment period  $ 566.20  -2-006074
   (b) During repayment period                                    9 %

The prepaid finance charge is computed from the first day of the month following the disbursement of the loan to the last day of the sixth month after the anticipated graduation or completion date.

I promise to pay to the lending institution at one of its offices the principal sum of (line A) __Six Hundred and no/100__

dollars ($ 600.00) plus interest on such amount at the ANNUAL PERCENTAGE RATE shown above (line D).

**I. Interest:**
I agree to pay the interest at the ANNUAL PERCENTAGE RATE (line D) with the understanding that you will not attempt to collect from me any portion of the interest payable on my behalf by either the United States or the New York State Higher Education Services Corporation (hereinafter called "NYSHESC"). I will receive interest benefits if I meet the requirements of State and Federal law and regulations in effect at the time my loan is approved. I will pay to NYSHESC quarterly, interest due on loans which are not eligible for full interest benefits payable on my behalf by either the United States or NYSHESC. Interest will be charged at 9% per year during the repayment period or after the loan has been purchased by NYSHESC as a defaulted loan.

**II. Late Charges and Default Charges:**
In addition to interest, I agree to pay late charges of five (5) percent of the amount of any required payment or $5.00, whichever is less, for failure to make any payment within ten (10) days after its due date. I agree to pay, in the event of default, reasonable attorney fees of up to 20% plus costs and other charges necessary to collect any amount not paid when due.

**III. Beginning of Repayment Period (Maturity):**
I will begin to repay this loan on the date any one of these events occurs:
(1) the end of the sixth month following the month in which I cease to be matriculated, withdraw from, or become less than a half-time student at an approved school (6 semester hours in an accredited degree institution), 12 clock hours per week in a vocational institution or 15 hours per week at a school of beauty culture (I must begin payment at this time even if I have a leave of absence) (six month grace period) (See Section IV-1) (2) at the option of the lending institution (or the holder if the loan is transferred) or NYSHESC if I fail to verify my status as a student when requested; (3) if I do not enroll for the term and in the educational institution for which the application was approved, even though I intend to continue my education at a later date; (4) at the option of the lending institution (or the holder if the loan is transferred) or NYSHESC if I fail to make required interest payments.

**IV. Further Agreements:**
1) No later than two months after I cease being matriculated or at least a half-time student I will contact the lending institution to sign a Repayment Promissory Note. I will also sign a Repayment Promissory Note if the loan matures for any other reason. The Repayment Promissory Note will show the amounts of the payments and the number of payments I must make to pay off the loan(s). I understand that I must pay at least $360 per year unless the lending institution and I agree to smaller payments. If my husband or wife also has a guaranteed student loan, the total of both our payments shall be at least $360 per year. Repayment shall be made over a period of not more than ten years. I have at least five years to repay this loan except if the loan would be paid in less than five years by making the minimum annual payments as required by Federal Law or if I request a shorter repayment period. If I have requested and received a repayment schedule of less than five years, I may contact the lending institution to have the schedule changed so that the loan will be paid in five years or more. I may also request a repayment schedule that begins before the end of the six month grace period. All loans outstanding must be included in a request for early repayment, and interest benefits will not longer be paid as of the beginning of the repayment period established by my request. The loan must be paid within fifteen years from the date of disbursement of my first loan unless I receive a deferment on my loan. (see Section IV-2).

2) After the repayment period has begun, installments of principal need not be paid during any of the following periods (i) while I am a full-time matriculated student attending an approved school or I am studying under a graduate fellowship program approved by the U.S. Commissioner of Education (ii) for up to three years while I am in the Armed Forces of the United States (iii) for up to three years while I am a volunteer under the Peace Corps Act or a full time volunteer under Title I of the Domestic Volunteer Service Act of 1973; or (iv) for a single period of up to twelve months during which I am seeking and unable to find full-time employment. In order to receive any of these deferments or any other deferral of loan payments I must contact the lending institution (or the holder if the loan is transferred) to arrange such a deferment and to sign the appropriate agreements.

3) If I fail to make any payment when due under this Note or if I fail to comply with any of the terms and conditions of this Note, or should I make any assignment for the benefit of creditors, or if any bankruptcy proceedings be commenced by or against me, then the holder of the note or NYSHESC may, at its option, accelerate the maturity of all payments due hereunder, in which event the entire unpaid balance of this note plus interest and other late charges or default charges (Section II) shall become immediately due and payable. In the event that bankruptcy proceedings are commenced by or against me, I specifically agree to notify NYSHESC of such occurence in writing within twenty (20) days of the filing of a petition.

4) If I die or become permanently and totally disabled (as determined in accordance with regulations) NYSHESC or the United States will pay off the remaining balance of my loan.

5) I agree to honor a request for the consolidation of all loans guaranteed by NYSHESC.

6) I authorize the lending institution to make any check for the loan made under this note payable jointly to me and the school indicated on my application.

7) The delay on the lender's part (or the holder if the loan is transferred) or NYSHESC to enforce any condition(s) of this note shall not release the borrower from these condition(s) nor prevent the lender (or the holder if the loan is transferred) or NYSHESC from enforcing any or all of these conditions in the future.

8) I understand that I must repay this loan even though I may be under eighteen (18) years of age.

9) I understand that this note includes a prepaid finance charge (insurance premium) in the amount indicated above for the anticipated term of the note. The insurance is a fee paid to NYSHESC and is used for the expenses of the loan program. It is not a premium for life insurance. The insurance premium will be prorated and refunded if at least one hundred dollars of the loan is repaid within 120 days of disbursement.

10) If I go into default on this loan I agree to be sued in Albany County, New York.

11) I may pay any unpaid balance on this loan in whole or in part at any time without penalty.

I acknowledge receipt, prior to the signing of this note, of a copy of this note containing the disclosure statement. I have read, acknowledge receipt of and understand the Statement of Responsibilities appearing on the reverse side of the borrower's copy of this note which, together with this note, constitutes my entire agreement with the lending institution (or the holder if the loan is transferred) and/or NYSHESC.

Date 2/20/82

Signature of Borrower X _Christine M. Hollis_

Typed or Printed Name of Borrower __Christine M. Hollis__

__43 Delaware St., Cooperstown, NY 13326__

**New York State Higher Education Services Corporation**
**Guaranteed Student Loan Program**
**YOUR STATEMENT OF RESPONSIBILITIES**

A student loan is a serious obligation. Prior to undertaking such a commitment, you should discuss with your school financial aid officer all other student financial assistance available to you, particularly aid from grants such as the Basic Educational Opportunity Grant, Supplemental Education Opportunity Grant, Tuition Assistance Program awards, Regents Scholarships, and other programs available from your school.

If you decide you need a loan, it is very important that you, the borrower, understand your rights and honor the following responsibilities in order to build your credit reputation and give other students a chance for future loans from funds repaid.

1. I have read and understand all of the agreements on the front of this note.
2. I understand that I must report to the lending institution (or the holder if the loan is transferred) or to NYSHESC any of the following *in writing*, without exception:
   a. If I fail to enroll, leave school for any reason or cease to be matriculated;
   b. If I, as a degree student take less than six hours of credit per semester or if I, as a vocational student take less than 12 clock hours of instruction per week or 15 clock hours of instruction per week at a school of beauty culture;
   c. If I do not attend the school I have designated on my application or if I transfer to another school;
   d. If my name should change (for example, because of marriage);
   e. If I change my address.

ANY INTEREST THAT MAY ACCRUE DUE TO MY FAILURE TO REPORT ANY OF THE ABOVE IS SOLELY MY RESPONSIBILITY AND MUST BE PAID PRIOR TO INITIATING A REPAYMENT OR DEFERMENT AGREEMENT.

3. I understand that my guaranteed loan funds must be used only for the educational costs listed on my application which have been approved by my school counselor and that I may be prosecuted under the provisions of the United States criminal code if I use these funds for any other purpose.
4. I understand that if I fail to repay my loan as agreed under NYSHESC's regulations, I face possible late charges and default charges (Section II of the note) as well as possible legal action and a bad credit rating.
5. I understand that my lender or the holder and/or NYSHESC may contact my school at any time and obtain information concerning my scholastic status, my transfer to another school, my current address or any other information relating to my guaranteed student loan.
6. I understand that the school contract I execute is strictly between me and my school and in no way involves NYSHESC or my lender.
7. I agree to observe and comply with all changes in the rules, regulations and procedures as promulgated from time to time under the guaranteed student loan program.

**Additional Information on How Payments Are to be Made**

1. If you do not qualify for full Federal or State interest benefits while you are in school or in your grace period you must pay this interest directly to NYSHESC. NYSHESC will send you a bill every three months for the interest that is due. If you fail to make these interest payments, your entire loan may go into default.
2. After you leave school you must agree to a repayment schedule with your lender. This must be done before the end of the six month grace period (See Section IV-1). The following table should give an idea of what the monthly payments will be and how long you will have to make payments on your loan.

| Amount of Credit | Minimum Monthly Payment | Total Of Payments | Finance Charge (Annual Percentage Rate 9%) | Maximum No. of Mo. (Yrs.) |
|---|---|---|---|---|
| $1,000 | $31.80 | $1,144.80 | $144.80 | 36 ( 3) |
| 2,000 | 41.52 | 2,491.20 | 491.20 | 60 ( 5) |
| 3,000 | 48.27 | 4,054.68 | 1,054.68 | 84 ( 7) |
| 4,000 | 54.20 | 5,853.60 | 1,853.60 | 108 ( 9) |
| 6,000 | 76.02 | 9,122.40 | 3,122.40 | 120 (10) |
| 7,000 | 88.69 | 10,642.80 | 3,642.80 | 120 (10) |
| 9,000 | 114.03 | 13,683.60 | 4,683.60 | 120 (10) |
| 10,000 | 126.70 | 15,204.00 | 5,204.00 | 120 (10) |
| 12,000 | 152.04 | 18,244.80 | 6,244.80 | 120 (10) |
| 15,000 | 190.05 | 22,806.00 | 7,806.00 | 120 (10) |

3. If you agree to a repayment schedule and you later find that you are unable to make the payments because of extenuating circumstances, you should contact your lender immediately. It may be possible to change your repayment agreement so that it will be easier to make payments. If you are unemployed it may be possible to stop making payments for up to a year. The important thing to do is to talk to your lender and describe your situation. If your loan is purchased by NYSHESC as a defaulted loan, you will lose your rights for deferments of your loan and any rights to have interest paid for you by NYSHESC or the Federal Government during certain deferment periods.
4. No part of this loan can be forgiven because of teaching.
5. If you receive a deferment of your loan for any of the reasons listed in item IV-2 on the front of this note you may also be eligible to have the interest paid on your loan during that time. In most cases if NYSHESC or the Federal Government paid the interest on your loan while you were in school, the same amount will be paid if you receive a deferment.

I.D. Herkimer County Com. College
SS # XXX-XX-4356

**ENDORSEMENT**

Pay to NYSHESC Without Recourse and Without Warranty.

For: _____
    (Type— Name of Borrower)   (Application No.)

From: _____
    (Name of Lender)

By: _____
    (Authorized Signature)   (Title)

*Christine M Hollis*

# NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION
## GUARANTEED STUDENT LOAN
### PROMISSORY NOTE

HE 700 (6/82)

820902   2664

XXXX 4356-2
Social Security Number  0 0 7 3 2 0 7 1 1

001477547-1   02
NYSHESC Acct. Number

#93-040829-9
Date: 9-18-82
Ck # 2-007003

9 % Interest Rate

Name of Borrower: CHRISTINE M HOLLIS
Borrower Street Address: 43 DELAWARE ST
City: COOPERSTOWN   State: NY   Zip Code: 13326

Name of Lender: ONEONTA FED SAV & LN ASSOC   089600
Lender Street Address: ONE WALL STREET
City: ONEONTA   State: NY   Zip Code: 13820

**ANNUAL PERCENTAGE RATE**
The cost of your credit as a yearly rate.

Prior to repayment: 4.94 %
During repayment: 9 %

**Amount Financed**
The amount of credit provided to you.

$ 472.10

**Late Charge:** If a payment is late, you may be charged $5.00 or 5% of the payment, whichever is less.

**Prepayment:** If you pay off early, you will not have to pay a penalty, and you may be entitled to a refund of part of the finance charge.

See the promissory note for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

If you are not eligible for a full State or Federal interest subsidy during the in-school period of this loan, then such interest must be paid as follows.
☐ quarterly
☐ by means of capitalization when I enter repayment

The Grace Period on this loan is ___6___ months.

In the event of prepayment, the method of calculating any rebate of unearned interest is
___the rule of 78's method___

**Itemization of the Amount Financed of $ 472.10**

Loan Amount $ 500   Less: Prepaid Finance Charge $ 27.90   Equals: Amount paid to you $ 472.10

Includes:
Insurance Premium   $ 2.90
Origination fee   $ 25.00
(5 % of Loan Amount)

} ck # 2-007005

I. Upon maturity in accordance with paragraph II, below, I promise to pay to the lender or subsequent holder of this promissory note the Loan Amount plus interest on the unpaid principal balance thereof, at the Interest Rate, as these terms are stated above.

II. MATURITY (when this note becomes due and payable)
This note matures and I must either pay it in full or commence monthly payments in accordance with paragraph III below, upon the happening of any of the following events:
1) the last day of the last month of the grace period (the grace period begins when I leave school or cease to be enrolled on at least a half-time basis);
2) *immediately*, in full, if I fail to enroll in the school for the academic period for which the loan was made (even if I intend to continue my education at a later date in the same school, or in a different school);
3) at the option of the lender, or the holder of this note, or NYSHESC, if I fail to verify my status as a student when requested;
4) *immediately*, in full, if this loan was made or guaranteed in error or in reliance upon a false statement.

III. REPAYMENT
I understand that I am responsible for paying all interest which accrues on or after the date of maturity of this note, whether a demand for payment has been made or not. THIS IS NOT A DEMAND INSTRUMENT, AND MY OBLIGATION TO BEGIN TIMELY REPAYMENT OF PRINCIPAL AND INTEREST WILL NOT BE FORGIVEN FOR ANY REASON, INCLUDING LENDER OR NYSHESC ERROR, EXCEPT UPON CONSENT OF NYSHESC. I understand that at or prior to maturity, the lender will forward to me a statement, setting forth the total amount of all my Guaranteed Student Loans; the ANNUAL PERCENTAGE RATE; the FINANCE CHARGE; the total of payments; and the scheduled amount of each monthly payment. If upon maturity I have not received such statement, I agree to immediately provide written notification to the lender or subsequent holder of this promissory note that my loan has matured. If I wish to repay my loan(s) over a shorter or longer period of time, I will contact the lender. The following rules apply. The loan must be repaid within 15 years of the date of the first disbursement, over a repayment period that lasts at least 5 years, but no more than 10 years from the date of maturity. However, the following exceptions to this rule also apply:
A. If, during the grace period, I have agreed with the lender to a repayment period of less than 5 years, I may later choose to have the repayment period extended to 5 years.
B. The lender may require a repayment period shorter than 5 years, if necessary, to ensure that during each year of the repayment period I —or, if both my spouse and I have Guaranteed Student Loans outstanding, we—pay toward principal and interest at least $600 or the unpaid balance, whichever is less, of the total amount owing to all holders of my—or our—loans.
C. Any period described under DEFERMENT or FORBEARANCE in this Promissory Note will not be included in determining either the 15-year period or the 5- to 10-year period mentioned above.

IV. DEFERMENT and FORBEARANCE
1) DEFERMENT—After the repayment period has begun, installments of principal need not be paid during any of the periods listed below. Additionally, if I originally received interest benefits on my loan(s), I may be entitled to receive benefits during these periods as well. I understand that my entitlement to a DEFERMENT depends upon my contacting the bank to arrange for it, and submission of appropriate proof.
   i) During any period in which I am pursuing a full-time course of study at an approved school, or when I am studying full-time under a graduate fellowship program by the U.S. Secretary of Education, or when I am studying full-time pursuant to a rehabilitation program for disabled individuals approved by the Secretary of Education.
   ii) During any period, not in excess of three years, in which I am a member of the Armed Forces of the United States, or the Commissioned Corps of the U.S. Public Health Service.
   iii) During any period, not in excess of three years, in which I am in service as a volunteer under the Peace Corps Act, or the Domestic Volunteer Service Act of 1973.
   iv) During any period, not in excess of three years, in which I am in service, comparable to the service referred to in clause (iii), as a full-time volunteer for an organization which is exempt from taxation under Section 501(c)(3) of the Internal Revenue Code of 1954.
   v) During any period, not in excess of two years, in which I am serving an internship which is necessary in order to begin professional practice.
   vi) During any period, not in excess of three years, during which I am temporarily totally disabled, or during which I am unable to secure employment by reason of the care required by a spouse who is so disabled.
   vii) During a single period not exceeding twelve months in which I am seeking, but unable to find full-time employment.
2) FORBEARANCE (hardship cases)—After the repayment period has begun, if poor health or other personal problems affect my ability to make scheduled payments, I may be eligible for FORBEARANCE as provided for in the regulations at the discretion of the lender on the repayment of my loan(s). FORBEARANCE neither defers nor forgives the payment of interest.

V. DEFAULT—If I fail to make any payment of principal or interest when due under this note, or should I make any assignment for the benefit of creditors, or if any bankruptcy proceedings be commenced by or against me, then the holder of the note or NYSHESC may, at its option, accelerate the maturity of all payments due hereunder, in which event the entire unpaid balance of this note plus accrued interest and other late charges or default charges (Section VI) shall become immediately due and payable. In the event that bankruptcy proceedings are commenced by or against me, I specifically agree to notify NYSHESC of such occurrence in writing within twenty (20) days of the filing of a petition.

VI. DEFAULT and LATE CHARGES—I agree to pay, in the event of default, reasonable attorney's fees of up to 20% of the amount due, plus costs and other charges necessary to collect any amount not paid when due. If I fail to make a monthly payment within 10 days of its due date, the lender may assess a late charge not to exceed 5% of the late payment, or $5.00, whichever is less.

VII. FURTHER AGREEMENTS AND UNDERSTANDINGS
1. If I die or become permanently and totally disabled (as determined in accordance with applicable regulations) NYSHESC or the United States will pay off the remaining balance of my loan.
2. I authorize the lending institution to make any check for the loan made under this note payable jointly to me and the school indicated on my application.
3. Delay on the lender's part (or the holder if the loan is transferred) or NYSHESC to enforce any conditions of this note shall not release the borrower from these conditions nor prevent the lender (or the holder if the loan is transferred) or NYSHESC from enforcing any or all of these conditions in the future.
4. I understand that I must repay this loan even though I may be under eighteen (18) years of age.
5. If I go into default on this loan, I agree to be sued in Albany County, New York.
6. If the school which I am attending closes during the academic period for which I received this loan, I may be eligible for forgiveness of all or part of this loan.
7. I agree to comply with any and all changes in the statutes or regulations governing the Guaranteed Student Loan Program to the extent such changes are applicable to me.
8. The insurance premium is computed from the first day of the month following the disbursement to the last day of the grace period. A prorated share of the insurance premium will be refunded if at least $100 of the loan is prepaid within 120 days of disbursement.

VIII. I acknowledge receipt, prior to signing this note, of a copy hereof containing the disclosure statement required by law, and of a copy of the borrower's Statement of Rights and Responsibilities.

_Christine M. Wallis_          9/18/82
Borrower                       Date

HE700

# NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION
## GUARANTEED STUDENT LOAN
### PROMISSORY NOTE

HE 700
9/83

B-831103    3766

#93-040829-9
ck# 02-009125
date: 1-23-85

XXXXX4356-2    0 0 0 7 3 2
Social Security Number

001477547-1    03
NYSHESC Acct. Number

Interest Rate ___9___ %

Name of Borrower: CHRISTINE M HOLLIS
Borrower Street Address: 43 DELAWARE ST
City: COOPERSTOWN    State: NY    Zip Code: 13326

Name of Lender: ONEONTA FED SAV & LN ASSOC    089600
Lender Street Address: ONE WALL STREET
City: ONEONTA    State: NY    Zip Code: 13820

| ANNUAL PERCENTAGE RATE | Amount Financed | Late Charge / Prepayment |
|---|---|---|
| The cost of your credit as a yearly rate. | The amount of credit provided to you. | Late Charge: If a payment is late, you may be charged $5.00 or 5% of the payment, whichever is less. |
| Prior to payment: 2.94%   During repayment: 9% | $ 2,363.00 | Prepayment: If you pay off early, you will not have to pay a penalty, and you may be entitled to a refund of part of the finance charge. See the promissory note for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties. |

If you are not eligible for a full State or Federal interest subsidy during the in-school period of this loan, then such interest must be paid as follows.
☐ quarterly
☐ by means of capitalization when I enter repayment

The Grace Period on this loan is ___6___ months.

In the event of prepayment, the method of calculating any rebate of unearned interest is ___the rule of 78's method___

### Itemization of the Amount Financed of $ 2,363.00

Loan Amount $ 2,500    Less: Prepaid Finance Charge    $ 137.00    Equals: Amount paid to you $ 2,363.00
Includes:
Insurance Premium    $ 12.00
Origination fee
( 5 % of Loan Amount)    $ 125.00

### REPAYMENT OF LOANS — MILITARY SERVICE

Under certain circumstances, military personnel may have their loans repaid by the Secretary of Defense, in accordance with Section 902 of the Department of Defense Authorization Act of 1981 (PL 96-342).
Questions concerning the program should be addressed to: Commander, Military Personnel Center, DAPC-PLP, Alexandria, VA 22332.

(BE SURE TO READ THE REVERSE

I. Upon maturity in accordance with paragraph II, below, I promise to pay to the lender or subsequent holder of this promissory note the Loan Amount plus interest on the unpaid principal balance thereof, at the Interest Rate, as these terms are stated above.

II. MATURITY (when this note becomes due and payable)
This note matures and I must either pay it in full or commence monthly payments in accordance with paragraph III below, upon the happening of any of the following events:
1) the last day of the last month of the grace period (the grace period begins when I leave school or cease to be enrolled on at least a halftime basis);
2) *immediately*, in full, if I fail to enroll in the school for the academic period for which the loan was made (even if I intend to continue my education at a later date in the same school, or in a different school);
3) at the option of the lender, or the holder of this note, or NYSHESC, if I fail to verify my status as a student when requested;
4) *immediately*, in full, if this loan was made or guaranteed in error or in reliance upon a false statement.

III. REPAYMENT
I understand that I am responsible for paying all interest which accrues on or after the date of maturity of this note, whether a demand for payment has been made or not. THIS IS NOT A DEMAND INSTRUMENT, AND MY OBLIGATION TO BEGIN TIMELY REPAYMENT OF PRINCIPAL AND INTEREST WILL NOT BE FORGIVEN FOR ANY REASON, INCLUDING LENDER OR NYSHESC ERROR, EXCEPT UPON CONSENT OF NYSHESC. I understand that at or prior to maturity, the lender will forward to me a statement, setting forth the total amount of all my Guaranteed Student Loans; the ANNUAL PERCENTAGE RATE; the FINANCE CHARGE; the total of payments; and the scheduled amount of each monthly payment. If upon maturity I have not received such statement, I agree to immediately provide written notification to the lender or subsequent holder of this promissory note that my loan has matured. If I wish to repay my loan(s) over a shorter or longer period of time, I will contact the lender. The following rules apply. The loan must be repaid within 15 years of the date of the first disbursement, over a repayment period that lasts at least 5 years, but no more than 10 years from the date of maturity. However, the following exceptions to this rule also apply:

A. If, during the grace period, I have agreed with the lender to a repayment period of less than 5 years, I may later choose to have the repayment period extended to 5 years.
B. The lender may require a repayment period shorter than 5 years, if necessary, to ensure that during each year of the repayment period I-or, if both my spouse and I have Guaranteed Student Loans outstanding, we-pay toward principal and interest at least $600 or the unpaid balance, whichever is less, of the total amount owing to all holders of my-or our-loans.
C. Any period described under DEFERMENT or FORBEARANCE in this Promissory Note will not be included in determining either the 15-year period or the 5- to 10-year period mentioned above.

IV. DEFERMENT and FORBEARANCE
1) DEFERMENT-After the repayment period has begun, installments of principal need not be paid during any of the periods listed below. Additionally, if I originally received interest benefits on my loan(s), I may be entitled to receive benefits during these periods as well. I understand that my entitlement to a DEFERMENT depends upon my contacting the bank to arrange for it, and submission of appropriate proof.

   i) During any period in which I am pursuing a full-time course of study at an approved school, or when I am studying full-time under a graduate fellowship program approved by the U.S. Secretary of Education, or when I am studying full-time pursuant to a rehabilitation program for disabled individuals approved by the Secretary of Education.
   ii) During any period, not in excess of three years, in which I am a member of the Armed Forces of the United States, or the Commissioned Corps of the U.S. Public Health Service.
   iii) During any period, not in excess of three years, in which I am in service as a Volunteer under the Peace Corps Act, or the Domestic Volunteer Service Act of 1973.
   iv) During any period, not in excess of three years, in which I am in service comparable to the service referred to in clause (iii), as a full-time volunteer for an organization which is exempt from taxation under Section 501(c)(3) of the Internal Revenue Code of 1954.
   v) During any period, not in excess of two years, in which I am serving an internship which is necessary in order to begin professional practice.
   vi) During any period, not in excess of three years, during which I am temporarily totally disabled, or during which I am unable to secure employment by reason of the care required by a spouse who is so disabled.
   vii) During a single period not exceeding twelve months in which I am seeking but unable to find full-time employment.

2) FORBEARANCE (hardship cases)-After the repayment period has begun, if poor health or other personal problems affect my ability to make scheduled payments, I may be eligible for FORBEARANCE as provided for in the regulations at the discretion of the lender on the repayment of my loan(s). FORBEARANCE neither defers nor forgives the payment of interest.

V. DEFAULT-If I fail to make any payment of principal or interest when due under this note, or should I make any assignment for the benefit of creditors, or if any bankruptcy proceedings be commenced by or against me, then the holder of the note or NYSHESC may, at its option, accelerate the maturity of all payments due hereunder, in which event the entire unpaid balance of this note plus accrued interest and other late charges or default charges (Section VI) shall become immediately due and payable. In the event that bankruptcy proceedings are commenced by or against me, I specifically agree to notify NYSHESC of such occurrence in writing within twenty (20) days of the filing of a petition.

VI. DEFAULT and LATE CHARGES-I agree to pay, in the event of default, reasonable attorney's fees of up to 20% of the amount due, plus costs and other charges necessary to collect any amount not paid when due. If I fail to make a monthly payment within 10 days of its due date, the lender may assess a late charge not to exceed 5% of the late payment, or $5.00, whichever is less.

VII. FURTHER AGREEMENTS AND UNDERSTANDINGS
1. If I die or become permanently and totally disabled (as determined in accordance with applicable regulations) NYSHESC or the United States will pay off the remaining balance of my loan.
2. I authorize the lending institution to make any check for the loan made under this note payable jointly to me and the school indicated on my application.
3. Delay on the lender's part (or the holder if the loan is transferred) or NYSHESC to enforce any conditions of this note shall not release the borrower from these conditions nor prevent the lender (or the holder if the loan is transferred) or NYSHESC from enforcing any or all of these conditions in the future.
4. I understand that I must repay this loan even though I may be under eighteen (18) years of age.
5. If I go into default on this loan, I agree to be sued in Albany County, New York.
6. If the school which I am attending closes during the academic period for which I received this loan, I may be eligible for forgiveness of all or part of this loan.
7. I agree to comply with any and all changes in the statutes or regulations governing the Guaranteed Student Loan Program to the extent such changes are applicable to me.
8. The insurance premium is computed from the first day of the month following the disbursement to the last day of the grace period. A prorated share of the insurance premium will be refunded if at least $100 of the loan is prepaid within 120 days of disbursement.

VIII. I acknowledge receipt, prior to signing this note, of a copy hereof containing the disclosure statement required by law, and of a copy of the borrower's Statement of Rights and Responsibilities.

_Christine M. Hollis_    _Christine M. Hollis_    _11/23/83_
Borrower                                          Date

# H.15 450 90205 227839 60
HE700

0 91 10 15 0082

# NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION
## GUARANTEED STUDENT LOAN
### PROMISSORY NOTE

HE 700
6/84

B-841024    484

xxxxx4356-20  0 7 3 2 0 7 E
Social Security Number

Acct. No. 94-070158-4
Date of Dis. 11/8/84
Check No:
10-03553-7

001477547-1    04
NYSHESC Acct. Number

9 %
Interest Rate

CHRISTINE M HOLLIS
Name of Borrower

43 DELAWARE ST
Borrower Street Address

COOPERSTOWN    NY    13326
City            State    Zip Code

ONEONTA FED SAV & LN ASSOC    089600
Name of Lender

ONE WALL STREET
Lender Street Address

ONEONTA    NY    13820
City       State    Zip Code

CHAPMAN CHRISTINE

| ANNUAL PERCENTAGE RATE | Amount Financed | Late Charge: If a payment is late, you may be charged $5.00 or 5% of the payment, whichever is less. |
|---|---|---|
| The cost of your credit as a yearly rate. | The amount of credit provided to you. | Prepayment: If you pay off early, you will not have to pay a penalty, and you may be entitled to a refund of part of the finance charge. |
| Prior to repayment / During repayment | | See the promissory note for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties. |
| 5.40 %    9 % | $ 2,250.35 | |

If you are not eligible for a full State or Federal interest subsidy during the in-school period of this loan, then such interest must be paid as follows.
☐ quarterly
☐ by means of capitalization when I enter repayment

The Grace Period on this loan is ____6____ months.

In the event of prepayment, the method of calculating any rebate of unearned interest is simple interest.

CHAPMAN,CHRISTINE,M
CLAIM NO 1993040348158  08-13-93
SSN 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    TD  1

Itemization of the Amount Financed of $ 2,250.35   OK TLK

Loan Amount $ 2,375    Less: Prepaid Finance Charge  $ 124.65    Equals: Amount paid to you $ 2,250.35
                       Includes:
                           Insurance Premium    $   5.90
                           Origination fee
                           ( 5 % of Loan Amount)  $ 118.75

**REPAYMENT OF LOANS - MILITARY SERVICE**
Under certain circumstances, military personnel may have their loans repaid by the Secretary of Defense, in accordance with Section 902 of the Department of Defense Authorization Act of 1981 (PL 96-342, 10 U.S.C. 2141, Note). Questions concerning the program should be addressed to the local service recruiter. The program described is a recruiting program and does not pertain to prior service individuals or those not eligible for enlistment in the Armed Forces.

(BE SURE TO READ THE REVERSE SIDE, THEN SIGN AND DATE BOTH COPIES.)

I. Upon maturity in accordance with paragraph II, below, I promise to pay to the lender or subsequent holder of this promissory note the Loan Amount plus interest on the unpaid principal balance thereof, at the Interest Rate, as these terms are stated above.

II. MATURITY (when this note becomes due and payable)
This note matures and I must either pay it in full or commence monthly payments in accordance with paragraph III below, upon the happening of any of the following events:
1) the last day of the last month of the grace period (the grace period begins when I leave school or cease to be enrolled on at least a halftime basis);
2) *immediately*, in full, if I fail to enroll in the school for the academic period for which the loan was made (even if I intend to continue my education at a later date in the same school, or in a different school);
3) at the option of the lender, or the holder of this note, or NYSHESC, if I fail to verify my status as a student when requested;
4) *immediately*, in full, if this loan was made or guaranteed in error or in reliance upon a false statement.

III. REPAYMENT
I understand that I am responsible for paying all interest which accrues on or after the date of maturity of this note, whether a demand for payment has been made or not. THIS IS NOT A DEMAND INSTRUMENT, AND MY OBLIGATION TO BEGIN TIMELY REPAYMENT OF PRINCIPAL AND INTEREST WILL NOT BE FORGIVEN FOR ANY REASON, INCLUDING LENDER OR NYSHESC ERROR, EXCEPT UPON CONSENT OF NYSHESC. I understand that at or prior to maturity, the lender will forward to me a statement, setting forth the total amount of all my Guaranteed Student Loans; the ANNUAL PERCENTAGE RATE; the FINANCE CHARGE; the total of payments; and the scheduled amount of each monthly payment. If upon maturity I have not received such statement, I agree to immediately provide written notification to the lender or subsequent holder of this promissory note that my loan has matured.
If I wish to repay my loan(s) over a shorter or longer period of time, I will contact the lender. The following rules apply. The loan must be repaid within 15 years of the date of the first disbursement, over a repayment period that lasts at least 5 years, but no more than 10 years from the date of maturity. However, the following exceptions to this rule also apply:
A. If, during the grace period, I have agreed with the lender to a repayment period of less than 5 years, I may later choose to have the repayment period extended to 5 years.
B. The lender may require a repayment period shorter than 5 years, if necessary, to ensure that during each year of the repayment period I-or, if both my spouse and I have Guaranteed Student Loans outstanding, we-pay toward principal and interest at least $600 or the unpaid balance, whichever is less, of the total amount owing to all holders of my-or our-loans.
C. Any period described under DEFERMENT or FORBEARANCE in this Promissory Note will not be included in determining either the 15-year period or the 5- to 10-year period mentioned above.

IV. DEFERMENT and FORBEARANCE
1) DEFERMENT-After the repayment period has begun, installments of principal need not be paid during any of the periods listed below. Additionally, if I originally received interest benefits on my loan(s), I may be entitled to receive benefits during these periods as well. I understand that my entitlement to a DEFERMENT depends upon my contacting the bank to arrange for it, and submission of appropriate proof.
   i) During any period in which I am pursuing a full-time course of study at an approved school, or when I am studying full-time under a graduate fellowship program approved by the U.S. Secretary of Education, or when I am studying full-time pursuant to a rehabilitation program for disabled individuals approved by the Secretary of Education.
   ii) During any period, not in excess of three years, in which I am a member of the Armed Forces of the United States, or the Commissioned Corps of the U.S. Public Health Service.
   iii) During any period, not in excess of three years, in which I am in service as a volunteer under the Peace Corps Act, or the Domestic Volunteer Service Act of 1973.
   iv) During any period, not in excess of three years, in which I am in service, comparable to the service referred to in clause (iii), as a full-time volunteer for an organization which is exempt from taxation under Section 501(c)(3) of the Internal Revenue Code of 1954.
   v) During any period, not in excess of two years, in which I am serving an internship which is necessary in order to begin professional practice.
   vi) During any period, not in excess of three years, during which I am temporarily totally disabled, or during which I am unable to secure employment by reason of the care required by a spouse who is so disabled.
   vii) During a single period not exceeding twelve months in which I am seeking, but unable to find full-time employment.

2) FORBEARANCE (hardship cases)-After the repayment period has begun, if poor health or other personal problems affect my ability to make scheduled payments, I may be eligible for FORBEARANCE as provided for in the regulations at the discretion of the lender on the repayment of my loan(s). FORBEARANCE neither defers nor forgives the payment of interest.

V. DEFAULT-If I fail to make any payment of principal or interest when due under this note, or should I make any assignment for the benefit of creditors, or if any bankruptcy proceedings be commenced by or against me, then the holder of the note or NYSHESC may, at its option, accelerate the maturity of all payments due hereunder, in which event the entire unpaid balance of this note plus accrued interest and other late charges or default charges (Section VI) shall become immediately due and payable. In the event that bankruptcy proceedings are commenced by or against me, I specifically agree to notify NYSHESC of such occurrence in writing within twenty (20) days of the filing of a petition.

VI. DEFAULT and LATE CHARGES-I agree to pay, in the event of default, reasonable attorney's fees of up to 20% of the amount due, plus costs and other charges necessary to collect any amount not paid when due. If I fail to make a monthly payment within 10 days of its due date, the lender may assess a late charge not to exceed 5% of the late payment, or $5.00, whichever is less.

VII. FURTHER AGREEMENTS AND UNDERSTANDINGS
1. If I die or become permanently and totally disabled (as determined in accordance with applicable regulations) NYSHESC or the United States will pay off the remaining balance of my loan.
2. I authorize the lending institution to make any check for the loan made under this note payable jointly to me and the school indicated on my application.
3. Delay on the lender's part (or the holder if the loan is transferred) or NYSHESC to enforce any conditions of this note shall not release the borrower from these conditions nor prevent the lender (or the holder if the loan is transferred) or NYSHESC from enforcing any or all of these conditions in the future.
4. I understand that I must repay this loan even though I may be under eighteen (18) years of age.
5. If I go into default on this loan, I agree to be sued in Albany County, New York.
6. If the school which I am attending closes during the academic period for which I received this loan, I may be eligible for forgiveness of all or part of this loan.
7. I agree to comply with any and all changes in the statutes or regulations governing the Guaranteed Student Loan Program to the extent such changes are applicable to me.
8. The insurance premium is computed from the first day of the month following the disbursement to the last day of the grace period. A prorated share of the insurance premium will be refunded if at least $100 of the loan is prepaid within 120 days of disbursement.

VIII. I acknowledge receipt, prior to signing this note, of a copy hereof containing the disclosure statement required by law, and of a copy of the Borrower's Statement of Rights and Responsibilities.

X _Christine M. Halles_               11/3/84
Borrower    # H15450   90205   227839   60                Date

HE700